José Tirado Ellín, demandante y apelado, *v.* Juan Caro Díaz y su esposa Marina Ramos e Inés Cumpiano, demandados y apelante la última.

Núm. 10364.—*Sometido:* Marzo 12, 1951. *Resuelto:* Julio 11, 1951.

*Luis Antonio Rosario,* abogado de la apelante; *B. Quiñones Elías,* abogado del apelado; *Héctor Reichard,* abogado de los esposos Caro-Ramos.

EL JUEZ PRESIDENTE INTERINO SEÑOR TODD, JR., emitió la opinión del tribunal.

José Tirado Ellín radicó en la Corte de Distrito de Aguadilla demanda de servidumbre de paso contra Juan Caro Díaz y su esposa Marina Ramos e Inés Cumpiano, alegando que es dueño de una finca rústica en el Bo. Ensenada de Rincón, dedicada al cultivo de cocos, frutos menores y caña de azúcar, la cual describe; que su finca colinda con fincas de los demandados y no tiene salida a la carretera o camino público y que el sitio más corto y menos perjudicial para establecer una servidumbre de paso sería a través de las fincas de los demandados en el punto en que éstas colindan entre sí, pero que ambos demandados se han negado a permitirle la apertura de un camino por el sitio indicado. Es de notarse que en la demanda no se describen en forma alguna las fincas pertenecientes a los demandados. El demandante consignó, al radicar la demanda, la suma de $200 como compensación del precio del terreno a ser utilizado en

el camino y por los daños y perjuicios que pudieran ocasionarles a los demandados al establecerse dicha servidumbre y solicitó del tribunal que dictara sentencia contra los demandados o contra el que de ellos procediera.

Los demandados Juan Caro Díaz y su esposa Marina Ramos contestaron la demanda admitiendo que la finca del demandante colinda con una finca de su propiedad y con una finca de la codemandada Inés Cumpiano, pero negando que la finca del demandante no tenga salida a la carretera o camino y alegando en contrario que dicha finca tiene y ha tenido desde hace más de cuarenta años su salida a la vía pública por un camino denominado "Judío". En cuanto a la consignación de $200 hecha por el demandante, alegaron que dicha suma era insuficiente para compensar los daños y perjuicios que habían de recibir, fijando ellos como compensación razonable la suma de $1,000.

La contestación de la codemandada Inés Cumpiano también admite que la finca del demandante colinda con las fincas de los demandados y contiene las mismas alegaciones en cuanto a la existencia del camino municipal "Judío" el cual alega ha sido utilizado por el demandante y anteriores dueños como salida de su finca y alegó, además, que el valor justo y razonable de la parte de terreno que tendría que ceder la demandada para el camino que interesa el demandante sería por lo menos de $400 y los daños y perjuicios que se le ocasionarían ascenderían a $1,500.

Visto el caso y practicada una inspección ocular solicitada por el demandante, el tribunal dictó sentencia declarando con lugar la demanda y ordenó a la codemandada Inés Cumpiano permitir al demandante trazar un camino a través del predio de siete cuerdas de su finca, que será el predio sirviente a beneficio del fundo del demandante, previo el pago por el demandante de la suma de $276.75, en que tasó tanto el valor del terreno como el de los daños y perjuicios que se le causarían por el trazado de tal camino, condenando asimismo a dicha codemandada a pagar las costas

y la suma de $50 por honorarios de abogado. La corte declaró sin lugar la demanda en cuanto a los codemandados Juan Caro Díaz y esposa.

No conforme la codemandada Inés Cumpiano con la sentencia interpuso el presente recurso de apelación en el cual imputa a la corte sentenciadora la comisión de cuatro errores. Tres de ellos, primero, tercero y cuarto, van dirigidos a impugnar la apreciación de la prueba hecha por el tribunal, alegándose que lo hizo movido por pasión, prejuicio y parcialidad, atacándose expresamente su conclusión en cuanto a que la finca del apelado está absolutamente aislada de toda vía pública. El segundo señalamiento es al efecto de que erró al conceder la servidumbre de paso sobre una finca de la apelante, como predio sirviente, sin que éste fuera debidamente descrito.

██ La corte inferior resolvió que si bien el camino "Judío" existía y a él tenía salida anteriormente la finca del apelado, en la actualidad dicho camino, por sus condiciones físicas, estaba intransitable debido a que el mismo está obstruído en algunos sitios por cercas de setos vivos y en otros por alambres y por palmeras de cocos.

Esta conclusión de la corte está plenamente justificada por la prueba y por la inspección ocular que realizó. Como cuestión de derecho hemos resuelto, citando del sumario, que "Debe estimarse que un predio no tiene salida a camino público, no sólo cuando así es absolutamente, sino cuando carece de una bastante segura y practicable." *Nin* v. *Rucalleda et al.*, 28 D.P.R. 542.

Al mismo efecto véase 4 Manresa, Comentarios al Código Civil, pág. 706.

█ Arguye además la apelante que habiendo solicitado el apelado que la servidumbre se constituyera a través de las fincas de los demandados en el punto en que éstas colindan entre sí, la corte erró al establecer dicha servidumbre a través de la finca de la apelante únicamente.

La corte a quo, citando el artículo 501 del Código Civil, ed. de 1930, (¹) llegó a la siguiente conclusión:

"La Corte estima y concluye que la servidumbre de paso debe concederse y así lo resolvemos, por la finca de la codemandada señora Inés Cumpiano, o sea Inés Polanco Viuda de Cumpiano, que aunque queda a igual distancia de la vía pública que la del codemandado Sr. Caro, resulta ser ése el punto menos perjudicial para todas las partes afectadas, por ser la suya una finca de mayor extensión que la del Sr. Caro, que es una unidad pequeña (finca de una sola cuerda), cuya desmembración le ocasionaría grandes perjuicios. A no mediar esta circunstancia de la gran desproporción de la finca de la señora Cumpiano y la del Sr. Caro hubiéramos trazado la servidumbre por terrenos de ambos propietarios."

No erró, a nuestro juicio, al así resolver esta cuestión. Si bien el apelado solicitó la servidumbre a través de la colindancia de las fincas de los demandados, por donde se probó existía una vereda, no es menos cierto que en su demanda solicitó, en la alternativa, que se dictara sentencia "contra los demandados o contra alguno de ellos que proceda."

Que la servidumbre en estos casos debe concederse por el punto menos perjudicial al predio sirviente y por donde sea menor la distancia del predio dominante al camino público, no admite discusión. *Nin* v. *Rucalleda*, supra; 4 Manresa, ob. cit., 656. La prueba pericial de la demandada, o sea la declaración de Miguel Coriano demostró que se causaría un gran perjuicio a la finca del codemandado Caro de establecerse la servidumbre por su finca de una cuerda. Que ésta constaba de una cuerda lo declaró dicho perito comprobando así lo hecho constar por la corte como el resultado de la inspección ocular a ese efecto.

No sucede así, sin embargo, con el supuesto predio de siete cuerdas propiedad de la apelante y sobre el cual se constituye la servidumbre. Como indicamos antes en la

_____
(¹) El artículo 501 del Código Civil dispone lo siguiente:
"La servidumbre de paso debe darse por el punto menos perjudicial al predio sirviente, y en cuanto fuere conciliable con esta regla, por donde sea menos la distancia del predio dominante al camino público."

demanda no se describieron las fincas de los demandados. Tampoco aparece prueba alguna testifical o documental presentada en la vista del caso a virtud de la cual pudiera la corte a quo determinar que la finca de la apelante constara de siete cuerdas ni su descripción y linderos. Fué en el acta de la inspección ocular que el juez hizo constar lo siguiente:

"La Corte hace constar, además, que luego se trasladó hacia el sitio donde se solicita la proyectada servidumbre, en el barrio Ensenada de Rincón, encontrando que en ese sitio colindan, hacia el norte, *un predio de 7 cuerdas que forma parte de una finca de mayor cabida perteneciente a doña Inés Polanco, Viuda de Cumpiano;* hacia el sur, terrenos de Juan Caro, predio de una cuerda. . . ." (Bastardillas nuestras.)

No se dice en dicha acta que para llegar a tal conclusión se realizara mensura de clase alguna al efectuarse la inspección ocular. Por otra parte el mencionar la supuesta cabida de la finca de la apelante, tanto en las conclusiones de hecho y de derecho como en la sentencia, no cumple con el requisito de que al constituirse una servidumbre real, como lo es la de paso en este caso, es necesario describir tanto el predio dominante como el predio sirviente, ya que ella constituye un gravamen impuesto sobre este último a favor del primero—artículo 465 y 500 del Código Civil—y de acuerdo con el artículo 13 de la Ley Hipotecaria, las inscripciones de servidumbre se harán constar tanto en la hoja destinada a las inscripciones del predio sirviente como en la destinada a las inscripciones del predio dominante. Hemos resuelto que de acuerdo con este último artículo, para que pueda inscribirse una escritura de constitución de servidumbre real es necesario describir ambos predios. *Monroig* v. *El Registrador,* 19 D.P.R. 823. Morell, en su Legislación Hipotecaria, vol. 2, pág. 159, dice en cuanto a este particular:

"*En las inscripciones de servidumbres se expresará claramente su naturaleza, extensión y condiciones,* y como *circunstancia especial* se hará constar en cada una de las inscripciones, *la finca a que se refiere en contrario,* esto es, en la del predio sirviente, la finca en cuyo favor se establece la servidumbre,

tomo, folio y número que le corresponde en el Registro, y en la del predio dominante, iguales circunstancias respecto a la finca sobre que recae el gravamen." (Bastardillas nuestras.)

Véase además 1 Luis Muñoz Morales, Lecciones de Derecho Hipotecario 165–66.

Si bien en la sentencia dictada en este caso la corte describió la finca del apelado como predio dominante y también el camino constitutivo de la servidumbre de paso, no se describió en forma alguna el predio sirviente sobre el cual se constituye la servidumbre pues lo único que se hace es una mera referencia genérica a la supuesta finca de siete cuerdas de la apelante. Tal servidumbre no podría ser inscrita en el Registro de la Propiedad para garantizar en forma adecuada los derechos de las partes y de futuros adquirientes de las fincas.

Consideramos que el segundo error fué cometido y que el mismo conlleva la revocación de la sentencia y la celebración de un nuevo juicio al solo efecto de determinar la descripción exacta de la finca de la codemandada Inés Cumpiano sobre la cual se establece la servidumbre como predio sirviente y a favor de la finca del demandante como predio dominante.

*Se revoca la sentencia y devuelve el caso para ulteriores procedimientos consistentes con esta opinión.*