Francisco Román, demandante y apelado *v.* Francisco Jiménez Mercado y Dominga Jiménez, demandados y apelantes.

Número 10911.

*Sometido:* 2 de noviembre de 1953. *Resuelto:* 17 de mayo de 1954.

*Buenaventura Esteves,* abogado de los apelantes; *B. Quiñones Elías,* abogadc del apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

Se trata de una apelación contra sentencia del Tribunal Superior, Sala de Aguadilla, ordenando a los demandados que le permitan al demandante—dueño de una finca, que según dicho tribunal está enclavada entre otras ajenas y sin salida a vía pública—abrir un camino de cien metros de largo por doce pies de ancho en una heredad de la pertenencia de aquéllos. Solicitada y denegada la reconsideración, apelaron los demandados.

La prueba presentada en la vista del litigio consistió de la declaración del apelado, y del testimonio de uno de los

apelantes. Se admitió en evidencia un croquis de la finca del primero, así como un plano de la heredad de los segundos, de la que fué segregada el predio del apelado. El magistrado que presidió el tribunal a quo hizo una inspección personal del sitio, caracterizada correctamente de "informal", por cuanto se llevó a efecto sin observancia de las formalidades requeridas.

La sentencia apelada se basa, entre otras, en las siguientes conclusiones de hecho:

"3. Que el demandante adquirió su finca de los demandados, mediante escritura número noventiséis, de diecisiete de julio de mil novecientos cuarentiséis, otorgada en San Sebastián, Puerto Rico, ante el notario Buenaventura Esteves.

"4. Que la propiedad del demandante está enclavada entre otras ajenas, resultando del todo imposible sacar los frutos de su fundo a camino público.

"5. Que a pesar de que la finca del demandante colinda con un camino en una extensión de varios metros, por ese sitio resulta impracticable el trazado de un camino por donde pudieran sacarse los frutos de su finca porque la casi totalidad de dichos frutos quedan aislados del camino público por un zanjón o quebrada, donde habría que edificar a un costo demasiado elevado y aún resultaría difícil y peligroso el sacar frutos por el sitio mencionado. Concluye el Tribunal que por el sitio o sitios que colinda el fundo del demandante con el camino público es imposible sacar sus frutos.

"6. Que una servidumbre de paso de 100 metros de largo por 12 (sic.) de ancho es suficiente para cubrir las necesidades del fundo propiedad del demandante y darle salida a camino."

Fundándose en las anteriores conclusiones, y en lo que proveen los artículos 500 y 503 del Código Civil, ed. 1930, la corte a quo concedió el derecho de paso solicitado por el apelado, sin compensación alguna a los apelantes. Estos atacan la sentencia y nos piden que la revoquemos, apuntando varios errores, de los cuales sólo es necesario discutir los tres primeros señalamientos en los que sostienen que erró

dicho tribunal al aplicar las disposiciones de los mencionados artículos, así como al apreciar la evidencia que fuera presentada por las partes.

■ El art. 500, supra, prescribe que, "El propietario de una finca o heredad enclavada entre otras ajenas y sin salida a camino público, tiene derecho a exigir paso por las heredades vecinas, previa la correspondiente indemnización". En esa disposición genérica está comprendida la específica del 503, supra, según la cual, "Si adquirida una finca por venta, permuta o partición, quedare enclavada entre otras del vendedor, permutante o copartícipe, éstos están obligados a dar paso sin indemnización, salvo pacto en contrario".

El derecho de paso de que tratan dichos artículos, que concuerdan respectivamente con los 564 y 567 del Código Civil Español, "constituye una servidumbre de naturaleza positiva . . . ; es la expropiación de un uso de la cosa ajena . . .", 10 Scaevola, Código Civil, 411, autorizado para permitir y facilitar la explotación de los fundos. Ha dicho el Tribunal Supremo de España en su sentencia de 26 de febrero de 1927, que ese derecho "ha de fundarse en una necesidad real que justifique y legitime la coacción de la ley, respecto del derecho de propiedad". De ahí, el que sólo puede exigirse en beneficio de *fincas enclavadas y sin salida a camino público*, principal e indispensable requisito. Aunque esas palabras inducen a creer que es necesario que la finca no tenga salida alguna a vía pública, queremos aclarar que la doctrina establecida por los comentaristas y adoptada por este Tribunal, es que debe estimarse que no la tiene, no sólo cuando así es absolutamente, sino también, cuando carece de una salida segura y suficiente. 10 Scaevola, Código Civil, 412; 4 Manresa, Código Civil, 787; *Nin* v. *Rucalleda et al.*, 28 D.P.R. 542; *Tirado* v. *Caro*, 72 D.P.R. 748, 751.

■ Estamos convencidos que la heredad del apelado no se encuentra enclavada entre otras—ajenas o pertenecientes a los apelantes—y sin salida a camino público, y por eso es errónea la sentencia. De la prueba aparece con toda clari-

dad que aquél no tiene dificultad en sacar de su finca parte de las cañas que cultiva. Las extrae por terrenos de un ve-. cino. Se hace constar en las conclusiones de hecho de la corte a quo que dicha heredad colinda con un camino público en una extensión de varios metros. El tribunal aclaró en la resolución denegando la reconsideración, que colinda con el camino por dos sitios, lo que está plenamente confirmado por la evidencia. Ésta también demuestra que tiene salida al referido camino y que el problema del apelado consiste en que, no obstante tenerla, no es posible transportar parte de las cañas en camiones desde su finca a la vía pública, por impedirlo una quebrada que transcurre por su propia heredad.

La corte sentenciadora fué de opinión que, a pesar de que la finca del apelado colinda con la vía pública, por ese lugar "resulta impracticable el trazado de un camino por donde pudieran sacarse los frutos de su finca" por impedirlo la quebrada "donde habría que edificar a un costo demasiado elevado y aún resultaría difícil y peligroso", el extraerlos por ese sitio, añadiendo que "por el sitio o sitios que colinda el fundo del demandante con el camino público es imposible sacar sus frutos". Sin embargo, aparece de la prueba que dicho apelado tiene espacio adecuado en su heredad para arreglar un camino, por el cual, una vez obviado el obstáculo de la quebrada, podrían pasar camiones directamente desde ésta a la vía pública, pudiéndose solucionar el problema que ofrece dicha quebrada, si construye una alcantarilla, y que la llamada impracticabilidad en cuanto al "trazado" de un camino por su predio, así como la imposibilidad de sacar los frutos, y en efecto, toda la dificultad con que se encuentra para transportar las cañas en camiones desde la finca al camino público, se debe a que tendría que hacer en ella ciertas obras que costarían de seiscientos a ochocientos dólares. No está sostenida por evidencia alguna la conclusión del tribunal sentenciador de que aun cuando se realizaran tales obras, "resultaría difícil y peligroso" sacar las cañas por donde la finca del apelado colinda con el camino público. Si esa conclusión

fuera consecuencia de la inspección personal, tendríamos que hacer caso omiso de la misma, por no constar en autos aquellos detalles y circunstancias de la cosa inspeccionada, que serían necesarios para colocarnos en condiciones de juzgar los méritos de dicha conclusión.

Hemos expuesto que debe considerarse que un predio no tiene salida a una vía pública, no solamente cuando no tiene ninguna, sí que también, cuando no tiene una segura y suficiente. Acerca de este principio nos dice Manresa en las págs. 787 y 788 en el tomo 4 de sus Comentarios, que "un fundo que linda con un camino público mediante un declive o pendiente *inabordable*, está realmente aislado para el efecto de la servidumbre que pide su dueño", añadiendo que si un "*río* que estuviese *interpuesto* entre una finca y el camino público debe considerarse como condición de aislamiento de aquella", es cuestión que "se ha debatido por Laurent, y ha sido objeto de discusiones encontradas por los tribunales extranjeros . . .", y que "en rigor, no cabe resolverla de plano", toda vez que si "el río es vadeable cómodamente y sin peligro alguno en todo tiempo, puede no ser obstáculo que determine imposición de servidumbre: en cualquier otro supuesto, sí". (Bastardillas nuestras.)

En el caso de autos el impedimento que existe para que el apelado pueda extraer cañas desde su finca al camino Guajataca, no consiste en que entre aquella y éste se interponga una pendiente inaccesible o un arroyo inabordable. El principal obstáculo lo ofrece, como se ha visto, la quebrada o zanjón, obstáculo que desaparecería, según hemos apuntado, si se construye una alcantarilla. La evidencia no demuestra que ello sería imposible, ni siquiera difícil. La posición del apelado es que le costaría una suma que no tiene para gastar, y quiere pasar por la heredad de los apelantes, sin que le cueste nada, excepto lo que tendría que invertir en construir el camino en la misma, lo que según él, sería menor que lo que gastaría de hacerlo en la propia. Es evidente que

el apelado ha estado bajo la creencia de que podría obtener el derecho de paso por la finca de los apelantes, abriendo en ella un camino de cien metros de largo por doce pies de ancho, que prácticamente la dividiría, y para el "trazado" del cual sería necesario destruir plantaciones de caña, sin tenerles que indemnizar, creencia que quedó confirmada por la sentencia objeto de este recurso.(¹)    Nada más lejos de la realidad. Como hemos indicado, el derecho de paso se concede sin indemnización, únicamente cuando la finca del que lo solicita, ha sido adquirida por venta, permuta o partición, quedando enclavada entre otras del vendedor, permutante o copartícipe. Art. 503, supra.    Aun cuando la heredad del apelado estuviera entre otras, y ya hemos dicho que no lo está, es evidente que no se encontraría entre fincas de los apelantes, dentro del significado del citado artículo.(²)    Lo estaría entre predios ajenos, y el derecho de paso no podría concederse de acuerdo con el art. 500 del Código Civil, sin el pago de la correspondiente indemnización.(³)    En ese caso el apelado

(¹) La corte a quo no hizo constar expresamente en su sentencia que los apelantes no habrían de ser indemnizados, pero ello se infiere por haber considerado de aplicación las disposiciones del art. 503, supra, y ello quedó plenamente confirmado en la resolución denegando la reconsideración, en la que dijo que, "Toda vez que la finca del demandante fué adquirida por éste por compra a los demandados, de acuerdo con el art. 503 del Código Civil, los vendedores vienen obligados a dar paso sin indemnización".

(²) Según las conclusiones de hecho, la heredad del apelado tiene las siguientes colindancias: "Rústica: compuesta de ocho cuerdas y media en el barrio Aibonito de San Sebastián, en lindes por el Norte, Juan Antonio Rodríguez; Sur, la finca principal o sea Francisco Jiménez; Este, Juan Antonio Rodríguez y Oeste, Sucn. de Gabriel Pons".

Las colindancias de la finca de los apelantes son las siguientes: "Rústica: compuesta de ocho cuerdas setentidós céntimos en el barrio Aibonito de San Sebastián; en lindes por el Norte, Francisco Román; Sur, Camino Real Guajataca; Este, Francisco Román y Oeste, Sucesión Gabriel Pons, separada por una quebrada".

(³) La corte sentenciadora concluyó que la finca del apelado está enclavada entre otras ajenas, y sin embargo, como hemos dicho, concedió el derecho de paso sin indemnización.

tendría que pagar lo que costara construir el camino, más el importe de dicha indemnización.

■ Hemos indicado ya que el tribunal sentenciador concluyó que la obra que habría que realizar para vencer el impedimento de la quebrada, sería "a un costo demasiado elevado". No hemos encontrado prueba alguna que justifique esa aseveración. No demostró la evidencia que dicha obra sea excesiva y de un costo inmoderado. Todo lo que revela sobre ese particular, es lo que declaró el apelado en cuanto a lo que a su juicio costaría. Como hemos visto, éste expresó el criterio que de abrir el camino en la finca de los apelantes, los gastos serían más bajos que de construir o arreglar uno en su predio, pero se manifestó así bajo la creencia de que no habría de indemnizarles. Suponiendo, sin embargo, que estuviera en lo cierto, ello por sí sólo, no significaría que lo que tendría que invertir, de construir el camino en su heredad, resultaría excesivamente costoso.

A pesar de que la servidumbre de que tratan los arts. 500 y 503 de nuestro Código Civil, puede existir como ha quedado expuesto, no solamente en beneficio de fincas enclavadas, o sea, de aquellas que no tienen salida alguna a la vía pública, sino también, cuando teniéndola, la salida resulta insuficiente, estamos convencidos que en el caso de autos es improcedente concederla. "La salida se considera insuficiente, cuando presenta graves dificultades que solamente podrían vencerse realizando obras excesivas y de un costo fuera de toda proporción con el de la propiedad", Planiol-Ripert—Derecho Civil Francés, pág. 770, ed. 1942. No se ha demostrado que existan esas circunstancias en este caso.

*Se revoca la sentencia apelada, declarándose sin lugar la demanda, e imponiéndose el pago de las costas al apelado.*